IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TROY ANDERSON, 88126;<br><br>Plaintiff,<br><br>vs.<br><br>NEBRASKA DEPT OF CORRECTIONAL; GOV. PETE RICKETT; and DIRECTOR SCOTT FRAKES,<br><br>Defendants. | 8:21CV34<br><br>**MEMORANDUM AND ORDER** |

Plaintiff, a state prisoner, filed his Complaint on January 28, 2021. (Filing 1.) Plaintiff was granted leave to proceed in forma pauperis on February 17, 2021, and paid the required initial partial filing fee on April 12, 2021. (Filings 8, 13.) The court will now conduct an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. SUMMARY OF COMPLAINT

Plaintiff's claims he is being subjected to cruel and unusual punishment, in violation of the Eighth Amendment, because prison officials have not taken the Covid-19 pandemic seriously and have not been doing everything they can to keep prisoners safe. Named as defendants are the Nebraska Department of Correctional Services ("NDCS"), NDCS Director Scott Frakes, and Governor Pete Ricketts. Director Frakes and Governor Ricketts are sued both in their individual and official capacities. Plaintiff seeks only an award of damages.

When the Complaint was filed, Plaintiff was incarcerated at the Tecumseh State Correctional Institution ("TSCI"). He alleges that corrections officers did not wear masks and did not change gloves after serving food in the quarantine gallery before coming to his gallery. Plaintiff also criticizes the Governor for not releasing

prisoners to relieve overcrowding, and alleges five prisoners died from Covid-19 at TSCI. It is not alleged that Plaintiff contracted the disease. Plaintiff is currently incarcerated at the Nebraska State Penitentiary ("NSP"). (See Filing 10.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C.A. § 1915A(a). On such initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b). *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of in forma pauperis complaints "at any time" on the same grounds as § 1915A(b)).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege

facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. DISCUSSION

Liberally construing the allegations of Plaintiff's Complaint, this is a civil rights action brought under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

"[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). In addition, the Eleventh Amendment bars claims for damages that are brought in federal court by private parties against a state, a state instrumentality, or a state employee who is sued in his or her official capacity. *See Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Thus, Plaintiff's claim against the Department of Correctional Services and his official capacity claims against Director Frakes and Governor Ricketts must be dismissed.

The Eighth Amendment requires that prison officials "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). In general, "[t]o establish a conditions of confinement claim, a plaintiff must demonstrate (1) that the alleged deprivation was 'objectively, sufficiently serious' to result in the 'denial of the minimal civilized measure of life's necessities,' and (2) that the prison official whose action or omission caused the deprivation behaved with 'deliberate indifference to inmate health or safety.' " *Hamner v. Burls*, 937 F.3d 1171, 1178 (8th Cir. 2019) (quoting *Farmer*, 511 U.S. at 834). A prison official can be found deliberately indifferent if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

A supervisor may not be held liable under § 1983 for the constitutional violations of a subordinate on a *respondeat superior* theory. *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001). Rather, a supervisor's liability arises if "a failure to properly supervise and train the offending employee caused a deprivation of constitutional rights." *Id.* (quoting *Andrews v. Fowler*, 98 F.3d 1069, 1078 (1996)). Such a claim "requires a showing that the supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation." *Id.* Furthermore, "[t]o prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017).

Although Plaintiff lists certain ways in which inmates at TSCI allegedly were at risk for contracting Covid-19, he does not allege that he suffered any actual injury. "Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). "Claims under the Eighth Amendment require a compensable injury to be greater than *de minimis*." *Id.* "As a general rule, a plaintiff may only assert his own injury in fact and 'cannot rest his claim to relief on the legal rights or interests of third parties.'" *Hodak v. City of St. Peters*, 535 F.3d 899, 904 (8th Cir. 2008) (quoting *Warth v. Seldin*, 422 U.S. 490, 498-99, 95 (1975)). Also, to recover compensatory or punitive damages under the Prison Litigation Reform Act, a prisoner must allege or prove more than mental or emotional injury. *McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018); see 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act.").

Applying the foregoing principles of law, the court finds Plaintiff's Complaint is subject to preservice dismissal. *See, e.g., Gills v. Frakes*, No. 4:21CV3004, 2021 WL 1788679, at *3 (D. Neb. May 5, 2021) ("Although [Plaintiff] lists various ways in which inmates at the penitentiary allegedly are at risk for contracting COVID-19, he does not allege any facts to show that he personally faces an excessive risk of reinfection."); *Burchfield v. Jones*, No. 6:20-CV-6135, 2021 WL 1976626, at *6 (W.D. Ark. May 18, 2021) (dismissing § 1983 claim on initial review where plaintiff alleged that lack of screening and testing for Covid-19 among inmates amounts to

4

punishment and threatens their well-being); *Ford v. Hutchinson*, No. 4:21CV00130-JM-JTK, 2021 WL 1433204, at *3 (E.D. Ark. Apr. 6, 2021) (dismissing prisoner's § 1983 claim on initial review where "Plaintiff did not specify how each of the individual Defendants violated his rights, and he did not allege that he became sick or contracted the COVID-19 virus, …."), *report and recommendation adopted*, 2021 WL 1432321 (E.D. Ark. Apr. 15, 2021); *Engel v. CO1*, No. 4:20-CV-1908 CDP, 2021 WL 1198061, at *4 (E.D. Mo. Mar. 30, 2021) ("Plaintiff filed this case in December 2020. He does not claim to have tested positive for COVID-19; he only alleges that the method of quarantining COVID inmates at ERDCC was unsafe. Sometime around early February 2021, plaintiff was moved to MECC. Obviously, once plaintiff was no longer at ERDCC, he was no longer exposed to the allegedly dangerous housing situation. Plaintiff has now been at MECC for over a month and there is no evidence that plaintiff contracted COVID from the ERDCC housing arrangement. Plaintiff's allegations are wholly conclusory and completely lacking in any factual support. Plaintiff's complaint fails to state a claim upon which relief may be granted.").

## IV. MOTION TO APPOINT COUNSEL

The court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel.... The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel ...." *Id.* (quotation and citation omitted). No such benefit is apparent at this time. Thus, Plaintiff's motion to appoint counsel (Filing 3) will be denied without prejudice.

## V. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted, and NDCS, as well as Director Frakes and Governor Ricketts in their official capacities, are immune from suit for damages under the Eleventh Amendment. However, the court will permit Plaintiff to file an amended complaint within 30 days. If an amended complaint is not filed within 30 days, the case may be dismissed without further notice.

5

IT IS THEREFORE ORDERED:

1. Plaintiff's motion to appoint counsel (Filing 3) is denied without prejudice to reassertion.

2. On the court's own motion, Plaintiff shall have 30 days in which to file an amended complaint.

3. Failure to file an amended complaint within 30 days will result in the court dismissing the case without prejudice, and without further notice to Plaintiff.

4. If Plaintiff files an amended complaint, he shall restate the allegations of the Complaint (Filing 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

5. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

6. The Clerk of the Court is directed to set the following pro se case management deadline: **June 21, 2021**, check for amended complaint.

7. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

Dated this 21st day of May, 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge